## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

PRIMAL HARDWERE, LLC,

               Plaintiff,

v.

PRIMAL WEAR, INC.,

               Defendant.

Case No.: 1:21-cv-00232-JL

## DEFENDANT PRIMAL WEAR, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE

Defendant Primal Wear, Inc. submits this memorandum of law in support of its motion to dismiss, or in the alternative, to transfer this case to the District of Colorado. In support, Defendant states:

## I.    <u>INTRODUCTION</u>

This is a classic case of Plaintiff Primal Hardwere prematurely rushing to the court house to file anticipatory litigation in the midst of discussions with Defendant Primal Wear concerning Primal Hardwere's launch of "PRIMAL" branded apparel. To add insult to injury, Primal Hardwere sued Primal Wear in New Hampshire, where this Court lacks personal jurisdiction because of Primal Wear's scant contacts with the state. For these two reasons, this Court should dismiss this action.

At its core, this case is about two parties which use the word "PRIMAL" as the first and dominant portion of their trademark and homophones "WEAR" and "WERE" as secondary components of the mark: Defendant, Primal Wear, Inc., which has used its PRIMAL WEAR trademark in connection with apparel (including t-shirts) since the early 1990s, and Plaintiff, Primal Hardwere, LLC, which only started using its PRIMAL HARDWERE mark in connection

with apparel in 2020.

Although Primal Wear reached out to Primal Hardwere beginning in January of 2021, the *two* letters exchanged and follow up emails included ongoing negotiation and discussion of the situation between the parties. However, Plaintiff rushed to file this anticipatory lawsuit in its home district rather than attempting to negotiate the differences between the parties.

Additionally, Primal Wear's only related contacts in this District are a few communications Primal exchanged with Primal Hardwere over trademark use parameters, and scant sales made by Primal Wear to New Hampshire. Primal does not have such continuous and systematic contacts within the State of New Hampshire that general jurisdiction applies. Federal appellate courts have held in numerous instances that assertion of specific personal jurisdiction over a party based solely on a cease and desist letter and nothing more offends traditional notions of fair play and substantial justice.

This Court should either dismiss this lawsuit because it was an improper anticipatory filing and for lack of personal jurisdiction, or transfer to the District of Colorado, where Primal Wear now has filed a second action for trademark infringement against Primal Hardwere,[1] where Primal Wear is situated as the true Plaintiff.

## II.   <u>STATEMENT OF FACTS</u>

The facts are relatively straightforward here. Primal Wear began selling apparel in connection with the trademarks PRIMAL and PRIMAL WEAR in connection with clothing (more specifically, headwear and sportswear, namely, shorts, tights, shirts, jerseys, jackets, headbands, and hats) in 1992. See Dkt. No. 1 at ¶¶ 15 and 16, *see also* U.S. Trademark Reg. Nos. 3494801

---

[1] *See Primal Wear, Inc. v. Primal Hardwere, LLC*, Dkt. No. 1:21-cv-00999-KLM.

and 4198616 attached hereto as **Exhibits 1 and 2**, respectively.

Shortly after first selling its apparel in commerce, Primal began providing online retail services to consumers of its apparel.  See Dkt. No. 1 at ¶ 18; *see also* U.S. Trademark Reg. No. 4682284, attached hereto as **Exhibit 3**.  Plaintiff, on the other hand, first sold its sex toys using the trademark PRIMAL HARDWERE many years after Defendant, in 2013.  Dkt. No. 1 at ¶ 8.  After first selling its sex toys in commerce, but before commencement of this lawsuit, Plaintiff began selling t-shirts bearing its PRIMAL HARDWERE trademark and logo.  *Id*. at ¶ 12.

Primal Wear soon discovered that Plaintiff was branching out into the apparel space, and, like any good trademark owner, it reached out to Plaintiff to engage in dialogue and negotiations concerning its use of the PRIMAL HARDWERE trademark on t-shirts. Indeed, Primal Wear's trademark prosecution counsel, Tamara Pester, sent Plaintiff a letter noting Primal Wear's concern on January 8, 2021.  *Id*. at ¶ 24, and Exhibit A thereto.

In response, Plaintiff proposed modifying the logo to remove the PRIMAL HARDWERE Trademark, but adding the URL for its website which wholly incorporates its PRIMAL HARDWERE Trademark (www.primalhardwere.com).  *Id*. at ¶ 25, and Exhibit B thereto. Although Primal Wear's trademark attorney indicated that a solution where Plaintiff continued to use the terms "primal," and "were" on a t-shirt (albeit in the form of a URL) was not acceptable and advised Plaintiff of Primal Wear's trademark rights with respect to online retail services, Ms. Pester never stated that negotiations were at an end.  *See Id*. at Ex. C.  Rather, Ms. Pester's letter invited continued discussion on the subject and alternate recommendations from Plaintiff.  *Id*.  In fact, Primal Wear's second letter included no deadlines short of litigation, but rather, closed asking for Plaintiff to indicate their intent to resolve the matter.  *Id*.

Instead of continuing with negotiations or even responding to Ms. Pester's February 18,

2021 letter, Plaintiff filed this lawsuit on March 18, 2021 (the "New Hampshire Litigation").  *See generally* Dkt. No. 1.  On the contrary, it appears that shortly after receiving Primal Wear's second letter, Plaintiff entirely cut off communications with Primal Wear and began preparing the declaratory judgment claims here.  *Id. cf.* Dkt. No. 1, Ex. C.  Shortly after receiving and executing Plaintiff's waiver of service, Primal Wear filed its own trademark infringement lawsuit against Primal Hardwere in the District of Colorado on April 18, 2021 (the "Colorado Litigation").  *See generally*, Dkt. for Case No. 1:21-cv-00999-KLM, attached as **Exhibit 4**, hereto.

## III.   <u>ARGUMENT</u>

This Court should dismiss this case or transfer the case to the District of Colorado (where Primal Wear has filed a new action) because the New Hampshire Litigation is an impermissible anticipatory suit filed to beat Primal Wear to the court house rather than negotiate the parties' differences.  Alternatively, this Court should dismiss the Complaint for lack of personal jurisdiction, because Primal Wear's only contacts related to this lawsuit are the communications relating the alleged infringement and negotiation, and some scant sales.

### A.   <u>The Court should Dismiss this Case or Transfer to the District of Colorado Because the New Hampshire Litigation is an Impermissible Anticipatory Suit</u>

Although the first-filed rule may be invoked when a complaint raising the same issues against the same parties has previously been filed in another district court, anticipatory lawsuits, as well as lawsuits brought in bad faith, are exceptions to the first-filed rule.  *Cianbro Corp. v. Curran-Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir. 1987) (the first-filed rule holds that "where identical actions are proceeding concurrently in two federal courts . . . the first filed action is generally preferred in a choice-of-venue decision."); *O'Connor & Drew v. Hickey*, 2009 U.S. Dist. LEXIS 148183 (D. Mass. Dec. 11, 2009) (dismissing declaratory judgment action where a party filed an anticipatory suit after receiving a cease and desist letter because rushing to a favorable home forum

is inconsistent with the Declaratory Judgment Act); *OpenLCR.com, Inc. v. Rates Tech.*, 112 F. Supp. 2d 1223, 1231 (D. Colo. 2000) (exceptions to the first-to-file rule include anticipatory lawsuits and lawsuits brought in bad faith).

While declaratory judgment actions are given first-filed priority, Courts in the First Circuit have held that it is not in the interests of justice to do so where one party has abused the process to gain an advantage over another. *Falafel Republic Mediterranean Foods, Inc. v. Tarazi Specialty Foods, Inc.*, 2012 U.S. Dist. LEXIS 167498 at * 43 (D. Mass. Sept. 28, 2012). "A system that permits a potential defendant to gain from anticipatory filing increases the burden on all districts as parties rush to file suit in their home districts rather than attempting to negotiate their differences." *Id*. (quoting *Lexington Ins. Co. v. City of Phoenix, Ariz.*, 1996 U.S. Dist. LEXIS 11694 (D. Mass., July 31, 1996) (noting that federal courts nationwide recognize the importance of discouraging anticipatory filing of declaratory judgment actions and collecting cases to that effect)).

It is worth remarking here, that numerous courts have expressed concerns about application of the first-filed rule in the context of declaratory judgment actions. *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir.2007) ("[T]he first-filed rule is not a strict rule and much more often than not gives way in the context of a coercive action filed subsequent to a declaratory judgment."); (quoting *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs.*, 16 Fed. Appx. 433, 437 (6th Cir.2001)).

This lawsuit is just such a premature filing intended to provide Plaintiff with a tactical advantage over Primal Wear. The chronology in this case shows that Plaintiff singlehandedly decided that discussions were over and surreptitiously filed the New Hampshire Litigation. Indeed, rather than continue to negotiate with Primal Wear and seek a mutually acceptable

resolution, Plaintiff went radio silent after receiving Primal Wear's February 18, 2021 letter. Plaintiff only resurfaced when it presented Primal Wear with the Complaint it filed in this District and requested that Primal Wear waive service under Fed. R. Civ. P. 4(d).

Allowing this type of behavior penalizes those parties who decide to engage in honest negotiations rather than overburden the judicial system prematurely, and permitting Plaintiff to maintain the New Hampshire Litigation encourages recipients of cease and desist letters to negotiate in bad faith while preparing an anticipatory suit. Moreover, it is not in the interests of justice to grant Plaintiff the declaratory relief requested here because it has abused the process to gain an advantage over Primal. *Falafel Republic*, 2012 U.S. Dist. LEXIS 167498 at *43; *see also Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003) (discussing anticipatory suits as disfavored forms of forum shopping that "thwart settlement negotiations, encouraging intellectual property owners to file suit rather than communicate with an alleged infringer.").

Stated differently, this Court should not allow Plaintiff to jump the gun because it is exactly this pattern of behavior that the Court in *Lexington Ins. Co.* has warned against because of the burden it will create on all districts. 1996 U.S. Dist. LEXIS 11694; *see also A Channel Clarity, Inc. v. Optima Tax Relief, LLC*, 2015 U.S. Dist. LEXIS 19102 (N.D. Ill. Feb. 18, 2015) (holding that anticipatory suits are the exception to the first-filed doctrine because the "wholesome purpose of declaratory acts would be aborted by its use as an instrument of procedural fencing either to secure delay or to choose a forum."); *Boilermakers Nat'l Health & Welfare Trust v. Steele*, 2010 U.S. Dist. LEXIS 54586 (D. Kan. June 2, 2010) (quoting *Buzas Baseball, Inc. v. Bd. of Regents of the Univ. of Ga.*, 189 F.3d 477 (10th Cir. 1999) ("A district court may decline to follow the first-to-file rule and dismiss a declaratory judgment action if that action was filed for the purpose of

anticipating a trial of the same issues in a court of coordinate jurisdiction."); *Sturdy Gun Safe, Inc. v. Rhino Metals, Inc.*, 2019 U.S. Dist. LEXIS 25316 at *18-22 (E.D. Cal. Feb. 14, 2019) (holding that policy considerations favor a second-filed action where parties enter into negotiations because to hold otherwise would deprive an IP owner who proactively reaches out to negotiate with an alleged infringer of its choice of forum).

As a result, Plaintiff's anticipatory lawsuit should be dismissed or transferred and give way to Primal Wear's trademark infringement action in the District of Colorado.

### B.    There is No Personal Jurisdiction Over Primal Wear

If this Court does not dismiss this case, it should transfer it to Colorado because there is no personal jurisdiction over Primal Wear in New Hampshire. Plaintiff has fallen far short of meeting its burden to show that this Court may exercise personal jurisdiction over Primal. It is well-established that "[t]he proponent of federal jurisdiction bears the burden of proving its existence by a preponderance of the evidence." *Blue Ath., Inc. v. Nordstrom, Inc.*, 2010 U.S. Dist. LEXIS 72615 (D.N.H. July 19, 2010) (quoting *United States ex rel. Ondis v. City of Woonsocket*, 587 F.3d 49, 54 (1st Cir. 2009) (citing *Campbell v. Gen. Dynamics Gov't Sys. Corp.*, 407 F.3d 546, 551 (1st Cir. 2005); 31 U.S.C. § 3731(d)). "When a district court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as [is anticipated] in this case, the 'prima facie' standard governs its determination." *U.S. v. Swiss American Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001). "Under this standard, it is plaintiff's burden to demonstrate the existence of every fact required to satisfy both the forum's long-arm statute and the Due Process Clause of the Constitution." *Id.* (quoting *United Elec. Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 987 F.2d 39, 43 (1st Cir.1993)).  "The prima facie showing must be based upon evidence of specific facts set forth in the record." *Id.* "To meet this requirement, the plaintiff must go beyond the pleadings and make affirmative proof." *Id.* (quotation omitted).

Primal Hardwere asserts claims against Primal Wear under both state and federal law, and alleges that this Court has subject matter jurisdiction based upon diversity and federal question jurisdiction.  See Dkt. No. 1 at ¶¶ 4, 42-137.  Whether a federal court sitting in diversity has personal jurisdiction over a defendant depends upon: (1) whether the mandates of the forum state's long-arm statute have been satisfied, and (2) whether the defendant has been haled into the particular court in accordance with the due process clause of the Fourteenth Amendment.[2]  The Due Process Clause of the Fourteenth Amendment requires that the defendant have certain minimum contacts with the forum such that the maintenance of the lawsuit does not offend traditional notions of fair play and substantial justice.  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945).  Although Courts acting under federal question jurisdiction note that it is the Fifth Amendment Due Process Clause and not the Fourteenth Amendment Due Process Clause that governs the analysis, they recognize that analytically the same minimum contacts analysis applies nevertheless. *See, e.g., Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607, 620 (1992); *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618-21 (1st Cir. 2002).

General jurisdiction arises where a defendant's contacts in a jurisdiction are so systematic as to render them essentially at home in the forum State.  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011) (citing *Int'l Shoe*, 326 U.S. at 317).  Specific jurisdiction arises from "an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is

---

[2] The New Hampshire longarm statute authorizes jurisdiction to the fullest extent permitted by the United States Constitution.  *Alacron v. Swanson*, 765 A.2d 1043, 1046 (N.H. 2000) ("personal jurisdiction over nonresidents may be exercised whenever the requirements of the Due Process Clause of the United States Constitution are satisfied.")  Therefore, this analysis solely focuses on the Due Process requirements under the United States Constitution.

therefore subject to the State's regulation." *Goodyear Dunlop Tires Operations*, 564 U.S. at 919. In order to establish minimum contacts, Primal Hardwere must show:  (1) relatedness; (2) purposeful availment; and (3) reasonableness.  *N. Laminate Sales, Inc. v. Davis*, 403 F.3d 14, 25 (1st Cir. 2005); *see also Breckenridge Pharm., Inc. v. Metabolite Labs, Inc.*, 444 F.3d 1356, 1361 (Fed. Cir. 2006) (holding that "the crux of the due process inquiry should focus first on whether the defendant has had contact with parties in the forum state beyond the sending of cease and desist letters or mere attempts to license the patent at issue there.").  Relatedness means that the claims against the defendant must "arise out of, or be related to, the defendant's in-forum activities." *Massachusetts Sch. Of Law at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 35 (1st Cir. 1998). The purposeful availment inquiry requires determining whether the defendant "purposefully availed itself of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable." *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 27 (1st Cir. 2008). Reasonableness will be measured using what are termed the "Gestalt Factors." *United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1088 (1st Cir. 1992).  .

There can be no question that Primal Wear does not have the continuous and systematic contacts with New Hampshire to confer general personal jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984) (general personal jurisdiction "requires that the defendant have 'continuous and systematic' contacts with the forum state and confers personal jurisdiction even when the cause of action has no relationship with those contacts.").  Furthermore, there can be no specific jurisdiction over Primal Wear here, because it has not purposefully availed itself of the forum, has no related contacts in New Hampshire, and it would be unreasonable to assert jurisdiction.

Primal Wear cannot be said to have purposefully availed itself of the forum such that jurisdiction over the declaratory judgment claims is appropriate because Primal Wear's only contacts in this jurisdiction are the two letters to Plaintiff and a de minimis amount of sales. More than one court in this Circuit has held that a party cannot be said to have purposefully availed itself of the forum state based on a few cease and desist letters. *Measurement Computing Corp. v. Gen. Patent Corp. Int'l*, 304 F. Supp. 2d 176, 181 (D. Mass. 2004) (quoting *Red Wing Shoe, Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998) ("A patentee should not subject itself to personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement.")). To hold to the contrary would imply that a holder of a federally registered trademark is subject to personal jurisdiction anywhere across the country if it simply attempts to engage in discussions about its trademark.

Here, Primal Wear only sold a handful of products totaling approximately $14,500 (a number that represents almost one tenth of one percent (0.1%) of its annual sales revenue) and nine custom order customers (less than one percent of total custom orders) in New Hampshire during fiscal year 2020. *See* **Exhibit 5**, Declaration of Dave Edwards, dated 4/22/2021 (hereafter "Edwards Decl."), at ¶ 3-4. Therefore, not only are Primal Wear's contacts unrelated to Plaintiff's claims seeking a declaration of non-infringement, but basing jurisdiction on Primal Wear's scant sales in New Hampshire does not comport with traditional notions of fair play and substantial justice. *Union Wadding Co. v. White Swan*, 866 F. Supp. 71, 75-76 (D.R.I. 1994) (finding that sending a cease and desist letter to a resident of the district and de minimis sales within the forum are insufficient to exert personal jurisdiction over a defendant on claims for a declaratory judgment of no trademark infringement); *Mike's Train House, Inc. v. Metro. Transp. Auth.*, No. 16-cv-02031, 2016 U.S. Dist. LEXIS 155860 at *26 (D. Md. Nov. 9, 2016) (holding that de minimis sales

through trademark owner's interactive website are not sufficient to confer specific jurisdiction over declaratory judgment claims); *Marlin Firearms Co. v. Wild West Guns, LLC*, 3:09-cv-00921, 2010 U.S. Dist. LEXIS 145501 (D. Conn.  May 7, 2010) (dismissing trade dress declaratory judgment action because defendant's small percentage of sales are insufficient to confer personal jurisdiction).

Primal Wear does not otherwise engage in any activities in New Hampshire. No employees there. No property there. Nothing. *See,* Edwards Decl., ¶ 4.

Primal Wear's only other contact with the state of New Hampshire are the few communications between Primal Wear's trademark counsel and Plaintiff, which can hardly be the foundation of the declaratory judgment action.  Consistent with the cases above, sending these communications does not purposefully avail a party of the jurisdiction, a couple letters cannot be said to be related to a declaratory judgment action. *See Union Wadding*, 866 F. Supp. at 75-76 (holding that specific jurisdiction is improper because the subject matter relates to trademarks issued in Washington D.C. and declaratory plaintiff offered no instances of actual confusion in the forum).  More than one court has held that grounding personal jurisdiction on the basis of cease and desist letters sent to a declaratory judgment plaintiff located in the forum alone does not comport with principles of fairness embedded in the Due Process Clause.  *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1340 (Fed. Cir. 2008) (citing *Breckenridge*, 444 F.3d at 1366); *Accessories Ltd. of Maine, Inc. v. Longchamp U.S.A.*, 170 F. Supp. 2d 12, 15 (D. Me. 2001) (in an infringement case, the sending of a cease-and-desist letter into a forum is generally not considered sufficient in and of itself to establish personal jurisdiction under the "effects test"); *Wise v. Lindamood*, 89 F. Supp. 2d 1187, 1192 (D. Colo. 1999) (same, setting out a majority of cases in accord).

Rather, in order to assert personal jurisdiction over a foreign defendant, it must engage in "'other activities' that relate to the enforcement or the defense of the validity of the relevant patents…" such as "initiating judicial or extra-judicial patent enforcement within the forum, or entering into an exclusive license agreement or other undertaking which imposes enforcement obligations with a party residing or regularly doing business in the forum." *Id*. at 1334; *see also Venmill Indus. v. ELM, Inc.*, 100 F. Supp. 3d 59, 67 (D. Mass 2015) (holding that actions that impose enforcement obligations are required to impose personal jurisdiction and that "the assertion of jurisdiction based solely on cease-and-desist letters would not be reasonable and fair") (citing *Radio Systems Corp. v. Accession, Inc*., 638 F.3d 785, 789 (Fed. Cir. 2011)).  Here, Primal has not engaged in the type of licensing or enforcement activities that are necessary to establish personal jurisdiction.  Edwards Decl. at ¶ 4.

When assessing reasonableness in the First Circuit, courts consider the so-called "Gestalt Factors":  (1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies."  United Elec. Radio & Mach. Workers of Am., 987 F.2d at 46.   No one factor is determinative, and courts in the First Circuit considering reasonableness balance the factors into an integrated whole.  *See Members of Beede Site Group v. Fed. Home Loan Mortgage Corp.*, 2010 WL 5187180, at *4 (D.N.H. Dec. 7, 2010). The weaker the plaintiff's showing on the issues of relatedness and personal availment, the "less a defendant need show in terms of unreasonableness to defeat jurisdiction." *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 210 (1st Cir. 1994).

Several of the factors compel the conclusion that exercising jurisdiction here would be

unreasonable.  It cannot be said that New Hampshire has any particular interest in adjudicating this dispute where Primal Wear's sales in the forum are de minimis.  Moreover, it is hardly reasonable that Primal Wear would be brought into court here when Plaintiff abruptly and single-handedly decided not to engage in further discussions and filed a declaratory judgment action. Filing suit while settlement negotiations are ongoing is contrary to the policy that favors settlement negotiations over forum shopping, *See Z-Line Designs, Inc.*, 218 F.R.D. at 665.  Further, such conduct is contrary to the judicial system's interest in providing convenient and effective relief because it burdens the courts with a dispute that may well have resolved without the filing of litigation.

Consequently, the Court should dismiss this action because it would violate the Due Process Clause to exert personal jurisdiction over Primal Wear.

## IV.   **CONCLUSION**

For the foregoing reasons, this Court should dismiss this lawsuit, or, in the alternative, transfer to the District of Colorado.

Dated:  May 7, 2021

Respectfully submitted,

/s/ Edward J. Sackman
Edward J. Sackman, Esq., N.H. Bar No. 2634
670 North Commercial Street, Suite 108
P.O. Box 1120
Manchester, NH 03105-1120
Tel: (603) 623-8700
nsackman@bernsteinshur.com

*Local Counsel*

 /s/ Jeffrey H. Kass
By:   Jeffrey H. Kass
LEWIS BRISBOIS BISGAARD & SMITH LLP
1700 Lincoln Street, Suite 4000
Denver, CO 80203
303.861.7760
jeffrey.kass@lewisbrisbois.com
*National Counsel to be Admitted Pro Hac Vice*
*Attorneys for Defendant*
*Primal Wear, Inc.*