UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

PRIMAL HARDWERE, LLC,

        Plaintiff,

   v.

PRIMAL WEAR, INC.,

        Defendant.

Case No.: 1:21-cv-00232-JL

**DEFENDANT PRIMAL WEAR, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

    This is a classic case of a party recharacterizing the tone and tenor of negotiations in order to justify filing an improper anticipatory lawsuit. Contrary to Primal Hardwere's contention that it did not mislead anyone, the ongoing negotiations prompted Primal Wear's trademark counsel to justifiably rely on the ongoing discussions and forego litigation. The correspondence between the parties speaks for itself.

    Primal Hardwere's additional contention that this court can assert jurisdiction over Primal Wear based on cease and desist letters and a scant amount of sales ignores recent case law in the First Circuit which explicitly states that cease and desist letters must be accompanied by licensing and other enforcement efforts against others in the forum. Plaintiff's arguments on this topic inadequately discuss the very case law it cites. To be sure, Primal Hardwere's case law confirms that something more than sending a cease and desist letter into the forum is required, but that "something more" is not present here. Moreover, Primal's contacts with this state (de minimis sales activity in New Hampshire) are unrelated to Primal Hardwere's declaratory judgment action.

Therefore, Primal Hardwere's arguments are wrong on the law, and this Court should not be able to assert personal jurisdiction over Primal Wear. Primal Wear asks that this Court grant Primal Wear's motion and dismiss the Complaint or transfer to the District of Colorado.

## I. PRIMAL WEAR JUSTIFIABLY RELIED ON THE ONGOING NEGOTIATIONS

Plaintiff pats itself on the back because it says it did not actively mislead Primal Wear into holding off on filing a lawsuit. However, the interaction between the parties is more complex than Plaintiff makes out. The negotiations between the parties warranted further negotiation and Primal Wear was justified in waiting to file suit. Rather than get into the "he said, she said" arguments Primal Hardwere is intent on engaging in, Primal Wear directs the court to the written communications between the parties that lasted between January and late February of this year. *See Dkt No. 1, Ex. A-C.*

This Court may ignore the first-to-file rule in special circumstances like this, where an IP owner justifiably relies on ongoing negotiations between the parties. *Kleinerman v. Luxtron Corp.*, 107 F. Supp. 2d 122, 125 (D. Mass. 2000) (holding that first-to-file rule does not apply despite the of eight months between the sending of a cease and desist letter and the filing of a declaratory judgment action because "in patent infringement cases, where 1) the patentee notifies an alleged infringer of suspected infringement, 2) good faith negotiations ensue and 3) the alleged infringer then files a declaratory judgment action in another forum, a subsequently-filed action by the patentee in the nature of patent infringement filed within a reasonable time after the first action is entitled to some deference and that the 'first-filed rule' will not be dispositive.").

The New Hampshire Lawsuit is exactly the type of preemptive strike that constitutes circumstances special enough to justify dismissing or transferring a case to allow the proper plaintiff (Primal Wear) to proceed with its suit. *See Lexington Ins. Co. v. City of Phoenix, Ariz.*, No. 96-10319, 1996 WL 463672, at *2 (D. Mass. July 31, 1996); *Davox Corp. v. Digital Sys. Int'l*

*Inc.*, 846 F. Supp. 144, 148 (D. Mass. 1993). Moreover, the Declaratory Judgment Act gives courts "substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995); *see also In re Columbia Univ. Patent Litig.*, 343 F. Supp. 2d 35, 42 (D. Mass. 2004) ("[E]ven where an actual case or controversy exists, the court must make 'a reasoned judgment whether the investment of time and resources will be worthwhile.'" (quoting *EMC Corp. v. Norand Corp.*, 89 F.3d 807, 813 (Fed.Cir.1996)). Contrary to Primal Hardwere's arguments, Declaratory judgments are meant to clarify rights and allow parties to get on with their lives or business, not to preempt a lawsuit and obtain a favorable forum. *See Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 711-12 (7th Cir. 2002); *see also Lexington Ins.*, 1996 WL 463672, at *2; 10B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2751.

## II.  THE CONVENIENCE FACTORS FAVOR TRANSFER TO THE DISTRICT OF COLORADO

Contrary to Primal Hardwere's arguments, the convenience factors favor transfer to the District of Colorado. The five nonexclusive factors that are analyzed when determining whether to transfer under 28 U.S.C. § 1404(a) are: 1) the plaintiff's choice of forum, 2) the convenience of the parties, 3) the convenience of witnesses and location of documents, 4) any connection between the forum and the issues, 5) the law to be applied and 6) the state or public interest at stake. *Holmes Group, Inc. v. Hamilton Beach/Proctor Silex, Inc.*, 249 F. Supp. 2d 12, 17 (D. Mass 2002). Primal Hardwere focuses specifically on two of the factors: the convenience of the witnesses and documents, and Plaintiff's choice of forum. Opp. at 11. However, Plaintiff's choice of forum should not be given deference here where it has filed an anticipatory lawsuit, and its arguments concerning convenience of the witnesses and documents are completely conclusory.

Notwithstanding Plaintiff's protestations that its choice of forum should control, choice of

y

forum is unpersuasive where a party like Primal Hardwere anticipatorily files litigation to preempt a party like Primal Wear which has expressed an intention to litigate. *Cruz v. Hartford Cas. Ins. Co.*, 2005 U.S. Dist. LEXIS 9924 (D.R.I. May 20, 2005) (stating that Plaintiff's choice of forum may be overcome by a showing that the first-filed case constituted an improper anticipatory filing.) For similar reasons, the public interest factor significantly favors transfer to Colorado because multiple courts have held that anticipatory lawsuits are against the public interest. *Falafel Republic Mediterranean Foods*, 2012 U.S. Dist. LEXIS 167498; *Struthers v. Beitler*, 2015 U.S. Dist. LEXIS 16695 (D. Colo. Dec. 10, 2015) (noting the "laudatory purpose of not discouraging settlement efforts prior to engaging in litigation" as a basis for staying where alleged infringer and District of Colorado plaintiff beat trademark owner in a race to the courthouse); *Elbex Video v. Tecton, Ltd.*, No. 00 Civ. 0673, 2000 U.S. Dist. LEXIS 16531 at * (S.D.N.Y. 2000) (granting defendant trademark owner's motion because public policy favors giving filing preference to a party that is prepared to pursue a lawsuit, but first desires to attempt settlement discussions).

Although Primal Hardwere also argues that the convenience of witnesses and documents does not favor transfer, it has not identified the witnesses who are allegedly prejudiced by the Colorado litigation, and, although Primal Wear has not finished its investigation, the number of non-party witnesses located in Colorado is likely to be at least equal to the number of non-party witnesses in New Hampshire if not more. Indeed, given Primal Wear's extensive history and significant sales in its home state, there is a real likelihood that at least one Colorado consumer was actually confused by Primal Hardwere's sales activities using its trademark.

**III.   THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER PRIMAL WEAR**

Primal Hardwere oversimplifies the caselaw by contending that a cease and desist letter is all that is required to assert personal jurisdiction over Primal Wear. In fact, more in-forum

4815-9850-8012.1

4

activities are required. Moreover, Primal Wear's minimal sales activity in New Hampshire is completely unrelated to Primal Hardwere's declaratory judgment claims. As such, Primal Hardwere's arguments are unavailing and this Court should grant Primal Wear's motion.

    A.    **<u>Cease and Desist Letters Without Enforcement Activity Are Insufficient Contacts to Assert Personal Jurisdiction over Primal Wear</u>**

The sending of a cease and desist letter alone is not sufficient to establish the minimum contacts required to assert jurisdiction over Primal Wear. Contrary to Primal Hardwere's arguments, something more is required. *Sportschannel New Eng. L.P. v. Fancaster*, 2010 U.S. Dist. LEXIS 106272 (D. Mass. Oct. 1, 2010) (distinguishing *Nova Biomedical Corp. v. Moller*, 629 F.2d 190, 197 (1st Cir. 1980)); *Venmill Indus. v. ELM, Inc.*, 100 F. Supp. 3d 59, 67 (D. Mass. 2015) ("the assertion of jurisdiction based solely on cease-and-desist letters ***would not be reasonable and fair***.") (citing *Radio Systems Corp. v. Accession, Inc.*, 638 F.3d 785, 789 (Fed. Cir. 2011)). Primal Hardwere's explanation of the law on this point is misleading, because the analysis is more nuanced than Primal Hardwere suggests. Indeed, numerous cases in this Circuit and elsewhere hold that a court may not assert personal jurisdiction based solely on a cease and desist letter. *Beacon Enter., Inc. v. Menzies*, 715 F.2d 757, 762-63 (2d Cir. 1983) (cease-and-desist letter sent by a nonresident defendant to plaintiff in New York alleging that the latter's use of a trademark violated federal law did not constitute a "transaction of business" sufficient to support the exercise of personal jurisdiction); *Accessories Ltd. of Maine, Inc. v. Longchamp U.S.A.*, 170 F. Supp. 2d 12, 15 (D. Me. 2001) (in an infringement case, the sending of a cease-and-desist letter into a forum is generally not considered sufficient in and of itself to establish personal jurisdiction under the "effects test"); *Wise v. Lindamood*, 89 F. Supp. 2d 1187, 1192 (D. Colo. 1999) (same, setting out a majority of cases in accord). In fact, the very case law that Primal Hardwere cites, supports the proposition that Primal Wear cannot be hailed into court in the New Hampshire

because it has not engaged in assertion activity in the forum state. *Tuteur v. Crossley-Corcoran*, 961 F. Supp. 2d 333, 339 (D. Mass. 2013) (defendant sent a cease and desist into the forum **_and_** asserted its copyright within the forum when it filed a DMCA takedown in the forum); *Nova Biomedical*, (asserting personal jurisdiction based on licensing activities in the forum and holding that "[w]hether a patentee is thereafter subject to jurisdiction will depend on whether he possesses sufficient contacts with the forum to satisfy due process."). Rather, fair play and substantial justice require that Primal Wear engage in "other activities" that relate to the enforcement or defense of the validity of its trademarks. *Venmill*, 100 F. Supp. 3d at 67 (citing *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, (Fed. Cir. 2008); *Nordica USA Corp. v. Sorensen*, 475 F. Supp. 2d 128 (D.N.H. 2007) (" It is well-settled that cease-and-desist letters and other attempts to license the patent at issue, 'without more' are not sufficient contacts to satisfy the due process clause.") (citing *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1363-1366 (Fed. Cir. 2006)).

  **B.** **Purposeful Availment Requires Something More than De Minimis Sales in a Declaratory Judgment Action**

Primal Hardwere is incorrect that *de minimis* sales can satisfy constitute purposeful availment here. This Court has previously held that it cannot assert jurisdiction over a defendant when the sales are completely unrelated to the cause of action before this Court (i.e. the sending of a cease and desist letter). *Multi Tech. Indus., LLC v. Forchheim*, 2007 U.S. Dist. LEXIS 9279 (D.N.H. Feb. 7, 2007) (holding that a website which is accessible by New Hampshire residents to purchase defendant's products does not satisfy minimum contacts requirement because the sale online is unrelated to the sending of a cease and desist letter into the forum).

Additionally, the First Circuit cases that Primal Hardwere cites for the proposition that Primal Wear's de minimis sales represent purposeful availment are distinguishable from the facts

here.  The sales in *Vencendor* were directly related to the cause of action in question. *Vencendor Mfg. Co. v. Gougler Industries, Inc.*, 557 F.2d 886, 889 (1st Cir. 1977).  As the Court specifically pointed out:

> The present suit ***arose from one of Vencendor's orders***. The complaint alleges that Vencedor requested nickel alloy augers for one of its extruders; that Gougler supplied chrome alloy augers without pointing out the substitution; and that the substituted augers failed, causing substantial damage. *Id*. (emphasis added)

In addition, it is worth emphasizing that the defendant's principal contact with the forum in *Nova Biomedical* was a licensing agreement with a third party (i.e. an arrangement through which defendant directly controls use the intellectual property that was the subject of the cease and desist letter) in addition to the hundreds of thousands of dollars of sales of patented product into the forum. *Nova Biomedical*, 629 F.2d at 191.  By contrast, Primal Wear's sales are not the basis for Primal Hardwere's declaratory judgment action (the cease and desist letters are), and it has not engaged in activities to license its trademark in New Hampshire or otherwise enter into transactions here that are based on its IP rights.

Additionally, at least one other court in this circuit has held that the sending of a cease and desist letter and general national marketing activities that are not targeted to state residents cannot constitute purposeful availment. *Polaroid Corp. v. Feely*, 889 F. Supp. 21, 26-27 (D. Mass. 1995) (citing *Rhodes v. Tallarico*, 751 F. Supp. 277, 278 (D. Mass. 1990) (Skinner, J.) (national advertisements that are not aimed specifically at customers from Massachusetts are insufficient to subject a defendant to long-arm jurisdiction in this state); *A-Connoisseur Transportation Corp. v. Celebrity Coach Inc.*, 742 F. Supp. 39, 42 (D. Mass. 1990) (Mazzone, J.) (same). That makes sense, because sending a cease and desist letter is an exercise of Primal Wear's "rights under federal trademark law which should not subject [Primal Wear] to suit in any forum where it happens to find a party allegedly infringing [its] trade name." *Polaroid Corp.*, 889 F. Supp. at 27

(citing *Zumbro, Inc. v. California Natural Products*, 861 F. Supp. 773, 781 (D. Minn. 1994) (exercise of rights under federal law should not subject one to suit in any forum where other party is allegedly violating those rights); *BIB Mfg. Co. v. Dover Mfg. Co.*, 804 F. Supp. 1129, 1133 (E.D. Mo. 1992)("the patent laws countenance the sending of written notice of infringement prior to litigation and thus should not subject a patent-holder to jurisdiction in a foreign forum"); *KVH Indus., Inc. v. Moore*, 789 F. Supp. 69, 73 (D.R.I. 1992) ("it would be unfair and unjust to adopt a rule that to uphold her rights, a patent holder must submit to the jurisdiction of a wrongdoer's forum"). Consequently, extremely limited sales and marketing activity in New Hampshire is unrelated to the cease and desist letters here, and this Court should refuse to assert personal jurisdiction over Primal Wear on this basis alone.

**IV.     CONCLUSION**

For the foregoing reasons, this Court should grant Primal Wear's motion and dismiss this lawsuit, or, in the alternative, transfer to the District of Colorado.

Dated:  May 27, 2021

Respectfully submitted,

/s/ Edward J. Sackman
Edward J. Sackman, Esq., N.H. Bar No. 2634
670 North Commercial Street, Suite 108
P.O. Box 1120
Manchester, NH 03105-1120
Tel: (603) 623-8700
nsackman@bernsteinshur.com

*Local Counsel*

 /s/ Jeffrey H. Kass
Jeffrey H. Kass
LEWIS BRISBOIS BISGAARD & SMITH LLP
1700 Lincoln Street, Suite 4000
Denver, CO 80203
303.861.7760
jeffrey.kass@lewisbrisbois.com
*National Counsel to be Admitted Pro Hac Vice*
*Attorneys for Defendant*
*Primal Wear, Inc.*